IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RONALD GRAHAM,
        Plaintiff,

v.

DAVID ROSENBLUM; SUSIE ROSENBLUM; D&F CLOTHING CORPORATION; PAMELA WILLIAMS; CHRISTINA PATTON; PLATHER EGAN; THE CITY OF PHILADELPHIA FREE LIBRARY; RUE LANDAU; MRS. SMITH; and MS. PAULETTE,
        Defendants.

CIVIL ACTION

NO. 14-3390

FILED

MAR 0 6 2015

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## ORDER

    Before the Court are Defendants D&F Clothing Corporation, David Rosenblum, and Susie Rosenblum's Motion to Dismiss [ECF No. 8] and the Plaintiff's Response thereto [ECF No. 9]; Defendants Plather Egan, Christina Patton, City of Philadelphia Free Library, and Pamela Williams's Motion to Dismiss for Failure to State a Claim [ECF No. 13] and the Plaintiff's Response thereto [ECF No. 16]; Defendants Rue Landau, Esq. and Ms. Paulette's unopposed Motion to Dismiss for Failure to State a Claim [ECF No. 18]; and the Plaintiff's Motion for Clarification [ECF No. 10]. A hearing on all motions for March 4, 2015, was noticed on February 12, 2015 [ECF No. 20]. The Plaintiff failed to appear at that motion hearing and a docket call was instead held in open court in his absence [ECF No. 22].

    It is difficult to determine from a review of the sparse allegations asserted in the Amended Complaint [ECF No. 4] what claims Plaintiff seeks to allege. A generous reading suggests that the Plaintiff may be trying to assert claims under 42 U.S.C. § 1983, Section 9-1106 of the Philadelphia Code, 42 U.S.C. § 2000a, and 42 U.S.C. § 1981 against various Defendants. As such, the Plaintiff's allegations fail to "contain sufficient factual matter, accepted as true, to 'state claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

AND NOW, this 6th day of March, 2015, upon consideration of the above, **IT IS ORDERED** that:

(1) Defendants D&F Clothing Corporation, David Rosenblum, and Susie Rosenblum's Motion to Dismiss [ECF No. 8] is **GRANTED**. All claims against these Defendants are **DISMISSED WITH PREJUDICE**;[1]

(2) Defendants Christina Patton, Plather Egan, City of Philadelphia Free Library, and Pamela Williams's Motion to Dismiss for Failure to State a Claim [ECF No. 16] is **GRANTED**. All claims against these Defendants are **DISMISSED WITH PREJUDICE**;[2]

(3) Defendants Rue Landau, Esq., and Ms. Paulette's Motion to Dismiss for Failure to State a Claim [ECF No. 18] is **GRANTED**. All claims against these Defendants are **DISMISSED WITH PREJUDICE**;[3]

(4) the Plaintiff's **MOTION FOR CLARIFICATION** [ECF No. 10] is **DISMISSED AS MOOT**; and

(5) the Clerk of Court is directed to close this case.

BY THE COURT:

WENDY BEETLESTONE, J.

---

[1] D&F Clothing Corp., David Rosenblum, and Susie Rosenblum (collectively "D&F") cannot be held liable under Section 1983. Although it is possible for a private party to violate an individual's Section 1983 rights, an individual alleging such a violation must state facts sufficient to show that the private party acted under color of state law. *Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993); *Pugh v. Downs*, 641 F. Supp. 2d 468 (E.D. Pa. 2009). The Plaintiff has not sufficiently done so.

Similarly, any claim under 42 U.S.C. § 2000a must fail because a retail store is not a "public accommodation" covered by this section. *See McCrea v. Saks, Inc.*, No. 00-1936, 2000 WL 1912726, at *2 (E.D. Pa. Dec. 22, 2000) (McLaughlin, J.).

Any 42 U.S.C. § 1981 claim is not viable because Plaintiff has not sufficiently alleged that D&F had an intent to discriminate on the basis of race or that the alleged discrimination concerned one or more of the activities enumerated in the statute (that is, the making and enforcing of a contract). *See Williams v. Pa. State Police Bureau of Liquor Control Enforcement*, 108 F. Supp. 2d 460, 473 (E.D. Pa. 2000).

To the extent the Plaintiff seeks to bring a claim under Section 9-1106 of the Philadelphia Code, he has not sufficiently pled that he properly exhausted his administrative remedies before filing this action as required by the Philadelphia Code.

[2] All claims against the Free Library Defendants (Egan, Patton, Williams, and the Library itself) must fail because the Plaintiff does not allege that the employees had any personal involvement in the wrongdoing. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Second, the Plaintiff's claim against the Library itself fails "because a [governmental subunit] . . . is not a 'person' subject to suit under the civil rights laws." *Keys v. Curran-Fromhold Corr. Facility*, No. 14-1757, 2014 WL 2039678, at *1 (E.D. Pa. May 15, 2014). Furthermore, even if the Plaintiff correctly included the City of Philadelphia itself as a party (rather than filing claims against a subunit), he has failed to allege the existence of a municipal policy or custom on the part of the City of Philadelphia that caused civil rights violations to be made against him. *See Elias v. Township of Cheltenham*, No. 14-6117, 2015 WL 356966, at *4 (E.D. Pa. Jan. 28, 2015).

[3] Finally, the claims against the PCHR employees (Landau and "Ms. Paulette," identified as Paulette Banks) fail because the alleged mishandling of an investigation by the PCHR "do[es] not amount to deprivation of a right, privilege or immunity protected by the Constitution. . . . [A]lleged negligent handling of the [PCHR] complaint does not give rise to a cause of action against the [PCHR] or its employees for the deprivation of a constitutionally protected right." *Palencar v. Cobler Realty Advisors*, No. 09-0325, 2009 WL 10185276, at *5 (M.D. Pa. July 24, 2009).